UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | No. 5:13-CR-87-JMH-HAI-1 |
| v. ) | |
| ) | RECOMMENDED DISPOSITION |
| AUSTIN PAUL WING, ) | |
| ) | |
| Defendant/Movant. ) | |
| ) | |
| ) | |

*** *** *** ***

On January 12, 2016, Austin Wing filed a motion under 28 U.S.C. § 2255 seeking to vacate his plea agreement and sentence. D.E. 105. Wing argues that his sentence was improperly enhanced based on a prior drug felony. He claims his counsel was ineffective for failing to object to this sentence enhancement. *Id*. The undersigned recommends that the motion be **DENIED.**

## I. Background

An indictment filed June 6, 2013, charged Wing and a codefendant with one count of conspiracy to distribute 100 grams or more of a mixture or substance containing heroin and one count of possession with intent to distribute a mixture or substance containing heroin. D.E. 1. On July 30, 2013, the government filed a notice of prior conviction pursuant to 21 U.S.C. § 851. D.E. 14. According to the notice, Wing had a prior state felony drug conviction, "Possession of Cocaine (10 grams but less than 25 grams—crack)," from Ohio. *Id*. Attached to the notice was the state court judgment from January 2007 sentencing Wing to two years of imprisonment plus

three years of post-release supervision.  D.E. 14-1.  The judgment described Wing's offense of conviction as an "F2" felony.  *Id*. at 1.

On November 18, 2013, Wing pleaded guilty to Count One of the indictment.  D.E. 55.  Count One charged a conspiracy to distribute 100 grams or more of heroin.  D.E. 56; s*ee also* 21 U.S.C. §§ 841(b)(1)(B)(i), 846.  In his plea agreement, Wing acknowledged that he "has a prior final drug felony conviction as set forth in the notice filed by the United States pursuant to 21 U.S.C. § 851, and therefore the Defendant is subject to an enhanced statutory punishment."  D.E. 56 at 2 ¶ 4.  The plea agreement also specified that if this ten-year minimum sentence exceeded his unenhanced Guidelines Range, "then then the guideline term of imprisonment would be 120 months."  *Id*. at 4 ¶ 8.  In his plea agreement, Wing also waived "the right to attack collaterally the guilty plea, conviction, and sentence," except for claims of ineffective assistance of counsel.  *Id*.

One effect of Wing's prior felony drug conviction was to increase his statutory minimum sentence from five years to ten years.  *See* 21 U.S.C. § 841(b)(1)(B).  When a violation of § 841 involves 100 grams or more of heroin, the statute imposes a minimum five-year sentence.  However, if the defendant committed the violation "after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment."  *Id*. § 841(b)(1)(B).

Wing's presentence investigation report ("PSR") calculated a Guidelines Range of 70 to 87 months' imprisonment.  D.E. 86 at 15.  But the PSR noted that "the statutorily required minimum sentence of 10 years" controlled, setting his Guidelines Range at 120 months.  *Id*.  Wing lodged no objections to the PSR.  D.E. 88 at 2-3.

2

At sentencing, Judge Hood explained that Wing's Guidelines Range was irrelevant because a mandatory 120-month sentence applied.  D.E. 88 at 3.  Wing's attorney agreed that this was the case.  *Id*. at 3-4.  Judge Hood imposed the mandatory minimum ten-year sentence.  *Id*. at 7.

Wing now asks the Court to vacate his guilty plea so he may "plea anew without the presence of the § 851 enhancement."  D.E. 105 at 15.  The government responded to his motion.  D.E. 108.  Wing replied.  D.E. 110.

## II. Legal Standards

Under 28 U.S.C. § 2255, a federal prisoner may seek habeas relief because his sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such a sentence, or the sentence exceeds the maximum authorized by law.  28 U.S.C. § 2255.  To prevail on a § 2255 motion alleging constitutional error, a defendant must establish that the error had a "substantial and injurious effect or influence on the proceedings."  *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).  A § 2255 movant bears the burden of proving his or her allegations by a preponderance of the evidence.  *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam).

The Court recognizes that Wing is proceeding *pro se*, without the assistance of an attorney.  The Court construes *pro se* motions more leniently than other motions.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United States*, 540 U.S. 375, 381-83 (2003).

To successfully assert an ineffective-assistance-of-counsel claim, a defendant must prove both deficient performance and prejudice.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).  To prove deficient performance, a defendant must show "that counsel's representation fell below an objective standard of

reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances." *Strickland*, 466 U.S. at 688.  But "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. at 689 (internal quotations omitted).

In order to prove prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.  When evaluating prejudice, courts generally must consider the "totality of the evidence." *Strickland*, 466 U.S. at 695.  Courts may approach the *Strickland* analysis in any order, and an insufficient showing on either prong ends the inquiry. *Id.* at 697.

To show prejudice in the guilty-plea context, a movant "'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial.'" *Hodges v. Colson*, 727 F.3d 517, 534 (6th Cir. 2013) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)), *cert. denied sub nom. Hodges v. Carpenter*, 135 S. Ct. 1545 (2015), *reh'g denied*, 135 S. Ct. 2345 (2015).  Wing claims he would have proceeded to trial absent his counsel's ineffectiveness.  D.E. 105 at 2.

To show prejudice in the sentencing context, a movant must establish that his "sentence was increased by the deficient performance of his attorney." *Spencer v. Booker*, 254 F. App'x 520, 525 (6th Cir. 2007) (citing *Glover v. United States*, 531 U.S. 198, 200 (2001)).

4

### III. Wing's First Claim

Wing argues that his counsel was ineffective for failing to challenge his sentencing enhancement based on a prior drug felony. D.E. 105 at 7. According to Wing, his counsel should have argued that his 2007 Ohio conviction does not qualify as a "felony drug offense" under 21 U.S.C. § 841(b)(1)(B). *Id.*; D.E. 110 at 2. But Wing is mistaken. Because the Ohio conviction squarely fit the definition of a prior final "felony drug offense," Wing's counsel could not have been ineffective for failing to challenge it.

In *Burgess*, the Supreme Court held that the term "felony drug offense" found in § 841(b) is "defined exclusively by § 802(44)." *Burgess v. United States*, 553 U.S. 124, 126 (2008). Section 802(44), in turn, "defines the compound term 'felony drug offense' to mean an offense involving specified drugs that is 'punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country.'" *Id.*; *see also United States v. Grayson*, 731 F.3d 605, 606 (6th Cir. 2013); *United States v. Graham*, 622 F.3d 445, 456 (6th Cir. 2010). The Court in *Burgess* went on to hold that the state misdemeanor under consideration qualified as a federal felony under this definition. What Wing wants is the reverse of *Burgess*—he asks to find that a state felony qualifies as a misdemeanor under the federal Controlled Substances Act. D.E. 105 at 7-8; D.E. 110 at 1-2.

In light of *Burgess*, the question before the Court is simple: is Wing's Ohio cocaine conviction "an offense involving specified drugs that is 'punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country?'" *Burgess*, 553 U.S. at 126. Only the "one year" clause is in dispute. Wing offers no argument that the possession of crack cocaine underlying his Ohio conviction did not involve one of 21 U.S.C. § 802(44)'s specified drugs ("narcotic drugs . . . or stimulant substances").

5

Wing's January 12, 2007 Ohio Judgment answers the question unambiguously. Clearly Wing's offense is punishable by imprisonment for more than one year because Wing was sentenced to two years of imprisonment followed by three years of post-release supervision. D.E. 14-1; *see also* D.E. 86 at 7. There is no need to inquire into the factual specifics of Wing's Ohio offense. It is clear from the face of the judgment that his "F2" felony conviction qualifies under 21 U.S.C. 802(44)'s definition of "felony drug offense," thus triggering the ten-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B). D.E. 14-1.

With *Burgess* in mind, it is easy to see why Wing's federal counsel failed to "contest the prior conviction's qualifying nature." D.E. 105 at 2. Any such contest would have been futile, and the law does not require attorneys to file futile motions. Wing claims his counsel "failed to foster the appropriate arguments concerning Wing's prior Ohio drug conviction." *Id*. at 4. But there was no colorable argument to be made under these circumstances. Counsel could not have been deficient for failing to protest the inevitable.

Nor could Wing have been prejudiced. He may claim that "had counsel pressed these arguments Wing would have received a sentence of 70-months." D.E. 105 at 6. But he does not point the Court toward any winning argument on this point. Wing leans on *Lopez v. Gonzales*, 549 U.S. 47 (2006), and *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013). D.E. 105 at 7. But these immigration cases do not concern the definition of "felony drug offense" as found in 21 U.S.C. § 841. As the Supreme Court held in *Burgess*, 553 U.S. at 126, the term "felony drug offense" found in § 841(b) is "defined exclusively by § 802(44)." Cases that define the term "felony" in other contexts are simply not applicable here.

Because Wing's January 2007 Ohio cocaine-possession conviction clearly qualifies as a prior final "felony drug offense," his attorney was not ineffective for failing to challenge its application to his sentence.

### IV. Wing's Second Claim

In his § 2255 motion, Wing additionally argues that his federal counsel should have challenged the *validity* of the Ohio judgment. He argues that his Ohio guilty plea was invalid because his Ohio attorney rendered ineffective assistance. D.E. 105 at 9. Specifically, Wing alleges that his state counsel failed to advise him that, by pleading guilty to possessing crack, he exposed himself to enhanced sentences in the future. *Id*. at 10. Wing calls this "an issue of first impression." *Id*. He appears to ask the Court to expand *Padilla v. Kentucky*, 559 U.S. 356 (2010), to find that his state attorney's failure to advise him of this collateral consequence violated *Strickland* and can be remedied by this Court.[1] *Id*. at 10-15. Wing ultimately asks the Court to find that his federal counsel was ineffective for failing to raise these arguments about the performance of his Ohio counsel before the District Court.

Wing cannot establish that his federal counsel was ineffective because 21 U.S.C. § 851(e) foreclosed any such attack on his state conviction. Subsection (e) establishes a statute of limitations. It states, "No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." Wing's Ohio judgment was filed January 12, 2007. D.E. 14-1. The government provided its notice under § 851 on July 30, 2013. D.E. 14. By the time the government filed its notice, Wing's Ohio conviction was over five years old. Section 851(e)'s statute of limitations thus barred Wing's

---

[1] The government's brief does not address this claim for relief, and Wing's reply brief contains no argumentation on the claim.

7

federal counsel from launching any attack on the validity of his Ohio conviction.  Because any challenge to the validity of the prior conviction would have been futile, Wing's federal counsel could not have performed deficiently, and Wing could not have been prejudiced by a failure to raise the issue.

## V.  Conclusion

Wing has not shown that his counsel was ineffective for failing to challenge the applicability or validity of the prior state conviction that enhanced his federal sentence.  The undersigned therefore **RECOMMENDS** that Wing's 28 U.S.C. § 2255 motion (D.E. 105) be **DENIED.**

The undersigned further **RECOMMENDS** that no Certificate of Appealability should issue.  Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  *See also* Rule 11 of the Rules Governing Section 2255 proceedings.  This standard is met if the defendant can show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  Here, no reasonable jurist would find the assessments on the merits above to be wrong or debatable.  Thus, no Certificate of Appealability should issue.

## VI.  Notice

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute.  See also Rules Governing Section 2255 Proceedings, Rule 8(b).  Within fourteen days after being served

with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court.  Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals.  *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 21st day of April, 2016.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge