```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF KENTUCKY
                 CENTRAL DIVISION at LEXINGTON
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 5:13-CR-00087-JMH-HAI |
| Plaintiff, | ) | (5:16-CV-00009-JMH-HAI) |
| | ) | |
| v. | ) | |
| | ) | |
| AUSTIN P. WING, | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

                    **       **       **       **       **

This matter is before the Court on the Report and Recommendation prepared by Magistrate Judge Hanly A. Ingram [DE 111]. Said action was referred to the magistrate for the purpose of reviewing the merit of Defendant Wing's Motion to Vacate, Set Aside, or Correct His Sentence pursuant to 28 U.S.C. § 2255 [DE 105]. For the reasons stated below, Defendant's Motion will be denied.

                                    **I.**

As an initial matter, when the petitioner fails to file any objections to portions of the Report and Recommendation, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Thus, the undersigned accepts and adopts those portions of

the report and recommendation to which there are no objections, including the Magistrate Judge's recitation of the facts relevant to this matter [DE 111 at 1—3, Page ID##: 485-87] and that portion of the Report and Recommendation which addresses Wing's second claim of ineffective assistance of counsel.  The Court concludes that Wing cannot establish that his federal counsel was ineffective for failing to challenge the validity of his January 12, 2007, Ohio judgment because that conviction occurred more than five years before the date of the information alleging that prior conviction, filed in this matter on July 30, 2013.  *See* 21 U.S.C. § 851(e) ("No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction."); [DE 14 & 14-1].  Wing's Motion will be denied in this regard.

**II.**

Defendant has, however, filed Objections [DE 112] to that portion of the Report and Recommendation which addresses Wing's first claim of ineffective assistance of counsel. The Court has carefully considered this portion of the Report and Recommendation, as well as Defendant's objections, and concludes that it will accept and adopt the Magistrate Judge's well-reasoned

2

and articulated recommendation over Defendant's objections, as well as for the additional reasons stated below. *See* Fed. R. Civ. P. 72(b)(3).

The Court determines, *de novo*, that there is no merit to Wing's claim that his attorney was ineffective for failing to challenge his sentencing enhancement based on a prior drug felony because his 2007 Ohio conviction for "Possession of Cocaine (10 grams but less than 25 grams---crack)" does not qualify as a "felony drug offense" under 21 U.S.C. § 841(b)(1)(B). Rather, because Wing's conviction under Ohio law fit squarely with the definition of a prior "felony drug offense," his counsel could not have been ineffective for failing to challenge it, and Wing cannot show that his "sentence was increased by the deficient performance of his attorney." *Spencer v. Booker*, 254 F. App'x 520, 525 (6th Cir. 2007) (citing *Glover v. United States*, 431 U.S. 198, 200 (2001)).

*Burgess v. United States*, 553 U.S. 124, 126 (2008), teaches that a "felony drug offense" for the purposes of § 841(b)(1)(B) is an offense involving specified drugs that is "punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country" as defined in § 802(44), *Id.; see also United States v. Grayson*, 731 F.3d 605, 606 (6th Cir. 2013); *United States v. Graham*, 622 F.3d 445, 456

3


(6th Cir. 2010). Wing does not contest that crack cocaine is one of the specified drugs for the purposes of 21 U.S.C. § 802(44), nor does he contest that he was sentenced to two years of imprisonment followed by three years of post-release supervision upon his Ohio conviction. [*See* DE 14-1; DE 86 at 7.]

In his Objections, however, Wing takes issue with the Magistrate Judge's recommendation that Wing's felony conviction qualifies under § 802(44)'s definition of felony drug offense and, thus, triggers the ten-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B) based on the fact that Wing received a two year sentence of incarceration. Wing argues that this Court must consider that a wide variety of crimes related to controlled substances, including some misdemeanors, are encompassed by Ohio Revised Code 2925.11(A) under which he was convicted. He argues that the Court "must presume that the conviction 'rested upon [nothing] more than the least of th[e] acts criminalized,' and then determine whether even those are encompassed by the generic federal offense." [DE 112 at 2, Page ID#: 495 (quoting *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013))]. Neither *Moncrieffe* nor *Lopez v. Gonzalez*, 549 U.S. 47 (2006), upon which he also relies, address the definition of "felony drug offense" for the purposes of 21 U.S.C. § 841 and are, thus, inapplicable. *See Moncrieffe*, 133 S. Ct. at 1684 (describing how courts employ "categorical

4

approach" determine whether a state offense is an "aggravated felony" for the purposes of the Immigration and Nationality Act); *Lopez*, 549 U.S. at 60 (holding that conduct made a felony under state law but misdemeanor under Controlled Substances Act is not "felony punishable under the [CSA] for [Immigration and Nationality Act] purposes").

Further, the version of Ohio Rev. Code 2925.11 in effect at the time of Wing's conviction and sentencing provided that a violation of Ohio Rev. Code 2925.11(A), in which the amount of crack possessed exceeded 10 grams but was less than 25 grams, was a felony of the second degree. *See* Ohio Rev. Code 2925.11(C)(4)(d) (2006). Ohio Rev. Code § 2929.14(A)(2) (2006) provided that, "[f]or a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years." Wing's conviction for possession of more than 10 grams but less than 25 grams of crack cocaine was a felony conviction under Ohio law and for the purposes of 21 U.S.C. § 841(b)(1)(B), i.e., punishable by imprisonment for more than one year, no matter which available sentence for his conviction was imposed. It follows that his counsel could not have been ineffective for failing to argue that his conviction did not trigger the ten-year mandatory minimum sentence as described above, and his motion shall be denied.

**III.**

Finally, the Court considers whether a certificate of appealability should issue in this matter. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate to issue, Defendant must be able to show that reasonable jurists could find in his favor, and the "question is the debatability of the underlying federal constitutional claim, not the resolution of that debate." *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003). Having carefully considered the matter, this Court concludes that no certificate should issue as Wing cannot make a substantial showing of the denial of a constitutional right.

Accordingly, **IT IS ORDERED:**

(1) that the Magistrate Judge's Report and Recommendation [DE 111] is **ACCEPTED** and **ADOPTED**;

(2) that Wing's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 [DE 105] is **DENIED**; and

(3) that no certificate of appealability will issue.

This the 7th day of July, 2016.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge